```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
           GREENVILLE DIVISION
```

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:09-785-HMH |
| vs. | ) | |
| | ) | |
| Martin L. Thomason, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Martin L. Thomason's ("Thomason") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Thomason's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2009, Thomason pled guilty to one count of possession of counterfeit securities and one count of being a felon in possession of a firearm. On January 19, 2010, Thomason was sentenced to 60 months' imprisonment on the possession of counterfeit securities offense and 120 months' imprisonment for the felon in possession offense, to be served concurrently. Thomason did not appeal his conviction and sentence. Thomason filed the instant § 2255 motion on April 20, 2010.[1]

In his § 2255 motion, Thomason alleges claims for ineffective assistance of counsel, involuntary guilty plea, and lack of evidence to support his felon in possession conviction. (Thomason § 2255 Mot., generally.)

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. DISCUSSION OF THE LAW

### 1. Ineffective Assistance of Counsel

Thomason argues that his counsel was constitutionally ineffective for failing to "suppress the [felon in possession] charge . . . before the plea agreement came about" and for advising him to plead guilty to the felon in possession charge. (Id. at 5.) Thomason alleges that his counsel "told [him it's] better for [him] to plea out to th[e felon in possession charge] or face a life sentence." (Id. at 6.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Thomason must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Thomason must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Thomason argues, "I was arrested at my car, at which, I had no gun 'on me' or in my car. The gun came up, after, I was in jail waiting to see the judge." (Thomason § 2255 Mot. 9.) Therefore, Thomason alleges that his counsel should have asked the court to "vacate Count 4 [the felon in possession charge] from the plea." (Id. at 10.) According to the evidence presented by the government at the guilty plea hearing,

> On October 6th, 2008, Greenville County sheriff's deputies and postal inspectors executed a search warrant on Room 10 of the Red Roof Inn located on

> Laurens Road here in Greenville. Tasha McMahand and Martin Luther Thomason were staying in the room.
>   Inside the room law enforcement recovered a number of items including 51 counterfeit checks, eight template checks. Agents also recovered a Charter Arms .32 Magnum revolver in the room and also .38 caliber ammunition from a car driven by Mr. Thomason. The firearm was manufactured in Connecticut and the ammunition in Connecticut or Arkansas.
>   Mr. Thomason was Mirandized, waived his rights and gave a statement. He stated that his main job in the conspiracy was to recruit people to pass counterfeit checks and prescription. *He also admitted to handling the gun found in the hotel.*
>   Mr. Thomason has a 1988 conviction for lynching in the first degree. He has not been pardoned for this felony conviction.

(Guilty Plea Tr. 22-23) (emphasis added). The court asked Thomason if he agreed with the summary provided by the government and Thomason answered, "Yes, sir." (Id. at 23.) Next, the court questioned Thomason as follows:

> **The Court:** Did you, Mr. Thomason, did you as charged in Count 1 enter into this unlawful conspiracy to possess counterfeit securities and did you unlawfully possess a firearm being a convicted felon?
>
> **Thomason:** Um, I didn't buy the gun. But I was in the room where the gun was.
>
> **The Court:** Did you possess it?
>
> **Thomason:** Yeah, I was in possession of it.
>
> **The Court**: Are you guilty of Counts 1 and 4 of the indictment?
>
> **Thomason:** Yes, sir.

(Id.)

"Counsel may . . . advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 656-57 n.19 (1984). Thomason has not presented the court with any evidence that counsel's advice fell below an objective standard of reasonableness. Moreover, when asked whether he was satisfied

3

with the representation of his attorney, Thomason answered, "Yes, sir." (Guilty Plea Tr. 9.) When asked if he had any complaints of his attorney or anyone in connection with the case, Thomason also responded, "No, sir." (Id.) Based on the foregoing, the court finds that Thomason's ineffective assistance of counsel claim is without merit.

### 2. Involuntary Guilty Plea

Thomason also argues that his guilty plea was "involuntary and unreasonable [because he is] innocen[t] of the elements of the offense." (Thomason § 2255 Mot. 8.) Thomason alleges that "without his permission his counsel included the [felon in possession charge] when making a deal with the Government" and counsel "improperly had [him] plea[d] guilty." (Id. at 5, 8.) The "voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998). Thomason did not file a direct appeal. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Id. (internal quotation marks omitted).

Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). Thomason "must show both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167 (1982). Thomason alleges that he "did not know that [he could] file an appeal after [he] plea[d] guilty." (Thomason § 2255 Mot. 5.) This argument, however, fails to show cause and actual prejudice.

However, Thomason's claim fails on the merits. During his guilty plea hearing, Thomason stated that no one forced, threatened, or coerced him to plead guilty. (Guilty Plea Tr.

4

17.) Thomason was advised of the charges, the potential penalties, the elements of the offense, and the rights that he was waiving by pleading guilty. (Id. at 1-13.) Moreover, Thomason stated that he had no complaints of his attorney or anyone else in connection with his case. (Id. at 9.) Thomason stated that he had enough time to discuss the matter with his counsel and was satisfied with his counsel's representation. (Id.) Further, Thomason admitted his guilt multiple times. (Id. at 17, 23.) Accordingly, the court finds that Thomason voluntarily and intelligently pled guilty to the charges.

To the extent that Thomason alleges an involuntary guilty plea due to ineffective assistance of counsel, the court finds that this claim is without merit. A defendant can challenge the voluntary and intelligent character of the guilty plea by demonstrating that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56 (internal quotation marks omitted). As discussed above, Thomason has failed to demonstrate that counsel was constitutionally ineffective. As such, Thomason's involuntary guilty plea claim based on ineffective assistance of counsel is without merit.

### 3. Lack of Evidence to Support Felon In Possession Charge

Thomason also argues that there was a lack of evidence to support his felon in possession charge as there was "no gun" found on his person or in his car when he was placed under arrest. (Thomason § 2255 Mot. 6.) Thomason did not raise this argument on appeal and has failed to

5

demonstrate cause or actual prejudice relating to this claim. Therefore, this claim is procedurally defaulted.

Additionally, Thomason's claim is without merit. Thomason attempts to challenge the fact or element of possession. However, while under oath, Thomason admitted to "possessing" a firearm. (Guilty Plea Tr. 23.) Thomason also agreed that he was staying in the hotel room where the gun was found. (Id. at 22-23.) Furthermore, the court explained the elements of the felon in possession offense and Thomason stated that he understood the elements and was guilty of the crime as charged. (Id. at 12-13.) As stated above, the record evidences that Thomason's guilty plea was voluntarily and intelligently made. A voluntary guilty plea serves as an "admission of all the material elements of the crime." United States v. Nelson, 484 F.3d 257, 261 (4th Cir. 2007). Therefore, Thomason has failed to demonstrate a lack of evidence to support his felon in possession charge.

It is therefore

**ORDERED** that Thomason's § 2255 motion, docket number 224, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Thomason has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
May 26, 2010

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.